IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON P. SUMMERS,<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN WILLIAMS,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)   Case No. 20-cv-468-NJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Jason P. Summers, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Federal Correctional Institution – Greenville ("FCI – Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction. Specifically, he challenges his conviction for possessing and discharging a firearm pursuant to 18 U.S.C. § 924(c)(1)(A), arguing that it should be vacated in light of the United States Supreme Court's recent decision in *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (June 24, 2019).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Summers's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record and the still-developing application of *Davis*, it is not plainly apparent that Summers is not entitled to habeas relief.

That said, a *Davis* claim may more appropriately be raised in a motion brought under 28 U.S.C. § 2255. That is because relief is only available via a Section 2241 petition when relief under

Section 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," *see* 28 U.S.C. § 2255(e). If *Davis* is ultimately deemed to be a new *constitutional* case rather than a statutory interpretation case, a claim based on *Davis* would not fit within the parameters of Section 2255(e)'s "savings clause," and thus could not be brought under the umbrella of Section 2241. *See In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998) (the first condition for bringing a claim under the savings clause is that the Section 2241 petitioner must rely on a statutory interpretation case rather than a constitutional case); *see also Chazen v. Marske*, __ F.3d __, No. 18-3268, 2019 WL 4254295, at *3 (7th Cir. Sept. 9, 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

The Court notes that the instant Petition was filed pursuant to 28 U.S.C. § 2241 and cannot be re-characterized as a Section 2255 motion. But because the Seventh Circuit Court of Appeals has not yet addressed whether a *Davis* claim may be brought under Section 2241, the Court will allow Summers to proceed, at least for now, on his theory that a Section 2255 motion is inadequate or ineffective for such a claim.

The Court also appoints the Federal Public Defender to the extent Petitioner raises a claim related to *Davis*. Counsel shall enter an appearance within 14 days. The Court sets the following briefing schedule in accordance with Amended Administrative Order 249: Petitioner's counsel will have 45 days from his or her entry of appearance to file either an amended habeas petition pursuant to *Davis* or a motion to withdraw. If Petitioner's counsel files a motion to withdraw, Petitioner will have 30 days from the date of service to respond to a motion to withdraw. The Government will then have 45 days to file a response to all of Petitioner's arguments. Petitioner will then have 30 days to submit a reply to the Government's response. The Clerk of Court is **DIRECTED** to send Petitioner a copy of Amended Administrative Order 249 (dated September 30, 2019).

The Clerk is further **DIRECTED** to serve Warden Williams. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS SO ORDERED.**

**DATED:  5/27/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**